[No. 433.    August 21, 1891.]

CHARLES H. GILDERSLEEVE, PLAINTIFF IN ERROR, v. ADA I. ATKINSON, ADMINISTRATRIX OF ESTATE OF H. M. ATKINSON, DECEASED, DEFENDANT IN ERROR.

WITNESS—TESTIMONY AS TO TRANSACTIONS WITH DECEDENT—SEC. 2082, COMP. LAWS, 1884.—In a suit against an administratrix for an alleged balance due plaintiff for land sold to defendant's intestate, the testimony of plaintiff as to his agreement with the deceased has no validity, under section 2082, Compiled Laws, unless corroborated by other material evidence.

ID.—DEPOSITION OF WITNESS ABSENT FROM TERRITORY.—Section 2095, Compiled Laws, 1884, providing that where a witness is absent from the territory his deposition may be taken "to be used in any court in all civil cases," applies as well to depositions taken for use in the probate court as in the district court.

ID.—VERDICT, WHEN THE COURT MAY DIRECT.—Where there is no evidence for the jury, or where the evidence is such the court, in the exercise of a sound discretion, would be called upon to set aside the verdict, and grant a new trial, if found for one party rather than the other, it is not only the right, but the duty, of the court to direct a verdict accordingly.

ERROR, from a judgment in favor of defendant, from the First Judicial District Court, Santa Fe County. Judgment affirmed.

The facts are stated in the opinion of the court.

GEORGE C. PRESTON and H. BURNS for plaintiff in error.

For authority for taking depositions for use as evidence in the courts of this territory, see sections 2095 to 2110, inclusive, of Compiled Laws, 1884.

By section 10 of the organic act, a portion of the judicial power of the territory is vested in the probate courts. Comp. Laws, p. 49; sec. 1907, Rev. Stat. U. S., p. 70, Comp. Laws.

The jurisdiction of such courts are such as may be limited by law. Sec. 1866, Rev. Stat. U. S., p. 62, Comp. Laws.

Probate courts have original jurisdiction over many matters in this territory. Secs. 562, 656, and 1399, Comp. Laws, as amended by act February 26, 1889, Laws of 1889, pp. 216, 221, also secs. 28-30 of said act.

As to construction of legislative acts, see United States v. Kirby, 7 Wall. 482; Richards v. Dagget, 4 Mass. 534; Orndoff v. Turman, 2 Leigh. 200, 21 Am. Dec. 608; 1 Kent, Com. 462; Humphries v. Davis, 100 Ind. 274, 50 Am. Rep. 788.

It has been held that the corroboration required may be "by any other evidence legally bearing on the subject-matter of the cause, tending to give probability to the statement of the one witness rather than that of the defendant, and thereby producing conviction of its truth." Bent v. Smith, 22 N. J. Eq. Rep. 560, 566; 1 Greenl. Ev., sec. 260, and notes; 2 Story, Eq., sec. 1528.

Any evidence, fact, or circumstance, that will tend to corroborate the evidence of a party in an action against the estate of a decedent, is admissible, and its weight and sufficiency, when admitted, is for the jury alone. State v. Walcott, 21 Conn. 271; People v. Melvane, 39 Cal. 614.

It is not necessary that the testimony of an accomplice shall be corroborated as to every material fact; a corroboration as to some material fact is sufficient. State v. Allen, 10 N. W. Rep. (Iowa) 805; People v. Ogle, 11 N. E. Rep. (N. Y.) 53.

In cases of accomplices the corroboration may be

by circumstances alone. People v. Elliott, 11 N. E. Rep. (N. Y.) 602. See, also, Commonwealth v. Holmes, 127 Mass. 441; Territory v. Kinney, 3 N. M. (Gil.) 144; People v. Melvane, 39 Cal. 614; People v. Clough, 73 Cal. 338.

The jury is made the sole judge of the weight of the evidence, and where there is any evidence upon which the verdict of a jury can be sustained it is error to take the case from the jury. Sec. 2055, Comp. Laws; Kirchner v. Laughlin, 4 N. M. (Gil.) 386; Greenleaf v. Birtle, 9 Pet. 292.

As to the practice of moving the court to instruct a jury to return a verdict in favor of the mover, see Pawling v. United States, 4 Cranch, 219; U. S. Bank v. Smith, 11 Wheat. 171; Parks v. Ross, 11 How. 362; Schuchardt v. Allens, 1 Wall. 359.

A party has no right to demur to evidence, or to have the jury instructed to return a verdict in his favor after he has introduced evidence to disprove the facts sought to be established by his adversary. Fowle v. Common Council, 11 Wheat. 320.

If there is any evidence to prove an issue, the question must be left to the jury; and if the jury err, the remedy is by a motion for a new trial, not by a writ of error. Schuchardt v. Allens, 1 Wall. 359; Ranney v. Barlow, 112 U. S. 207; U. S. v. Tillotson, 12 Wheat. 180; Hickman v. Jones, 9 Wall. 197; Manchester v. Ericsson, 105 U. S. 347.

An instruction by a court to the jury to find a verdict for a party, should only be given when there is no conflicting evidence. Monlor v. Ins. Co., 101 U. S. 708.

Where a cause fairly depends upon the effect or weight of testimony, the cause should not be withdrawn from the jury. Phoenix Ins. Co. v. Doster, 106 U. S. 30; Conn. Ins. Co. v. Lathrop, 111 U. S. 612.

F. W. CLANCY for defendant in error.

The testimony of the plaintiff in error was not corroborated by any other material evidence, as required by statute. Sec. 2082, Comp. Laws, 1884.

As to what constitutes a corroboration by other material evidence, see Anderson's Law Dict.; 2 Bouv. Law Dict. 167, title "Materiality." See, also, Maddox v. Sullivan, 2 Rich. Eq. 6; State v. Raymond, 20 Iowa, 287; Best on Ev., sec. 609; Greenlf. on Ev., sec. 257, note; State v. Buckley, 22 Pac. Rep. 838.

Where contracts have been reduced to writing, conversations of the parties controlling or changing their stipulations, are, in the absence of fraud, no more received in a court of equity than in a court of law. Willard v. Taylor, 8 Wall. 573; Hill v. Wilson, 7 Moak, 459, 460. See, also, 1 Greenlf. Ev. 282.

From none of the alleged corroborative evidence standing alone can any conclusion as to the truth of the fact be deduced, nor would any of it, independent of plaintiff's evidence, tend to show the same result. Commonwealth v. Bosworth, 22 Pick. 399; Hill v. Moak, 459, 460.

The taking of depositions of nonresident witnesses for use in the probate court is not authorized by law. Secs. 2095 to 2110, Comp. Laws, 1884; Matter of Whitney, 4 Hill, 534.

An instruction by the court to the jury to find in favor of a party, is always proper when a different verdict would not be allowed to stand. Marion County v. Clark, 94 U. S. 278; Bowditch v. Boston, 101 U. S. 18; Montclair v. Dana, 107 U. S. 162; Pleasants v. Fant, 22 Wall. 120. See, also, Railroad Co. v. Jones, 95 U. S. 440, 443.

The plaintiff could not testify in his own behalf in this case. Sec. 858, Rev. Stat. U. S.; sec. 2082, Comp. Laws, 1884.

SEEDS, J.—This was a suit begun before the probate court in and for Santa Fe county, at the September term, 1887, against the administratrix of the estate of H. M. Atkinson, deceased, in which the plaintiff, Gildersleeve, claimed the sum of $10,118.60, as due him from the estate "on account of cash loaned," to wit, $118.60, "and the sum of $10,000, * * * on account of a balance due your petitioner as a part of the purchase price or consideration of an interest in the Anton Chico grant deeded by your petitioner to said deceased in the early part of the year, 1883." The administratrix admitted the claim for $118.60, but denied that for $10,000. The probate court found in favor of Gildersleeve for the whole amount, and gave judgment accordingly. Thereupon the administratrix appealed the case to the district court of Santa Fe county, where it was tried before a jury.

When the plaintiff had closed his introduction of evidence, the defendant moved the court to instruct the jury to find a verdict for the plaintiff, Gildersleeve, for $118.60, the amount admitted to be due, and for no more. The motion was granted, and a verdict and judgment given in accordance therewith. The plaintiff then filed the usual motion for a new trial, which, being duly considered, was denied. The plaintiff then gave notice of and perfected his appeal to this court. By an agreement found in the record, the deposition of one S. S. Burdett, who was living in Washington, D. C., was taken for use in the trial in the probate court upon the part of the plaintiff; but by that agreement the defendant reserved the right to object to the introduction of the same upon the ground, among others, that there was no provision of law in this territory for using a deposition taken outside the territory in a probate court. The deposition in question was taken by a commissioner for this territory in the city of Washington, D. C. The district court took the view advanced by the

defendant, and refused to allow the deposition to be read. The plaintiff in error makes the following assignment of errors: First, instructing the jury to find a verdict·in his favor for only $118.60; second, refusing to submit plaintiff's claim for $10,000 to the jury; third, overruling his motion for a new trial; fourth, refusing to allow him to prove the value of his interest in the Anton Chico grant, and the value of the lands conveyed by him to H. M. Atkinson; fifth, refusing to allow him to read the deposition of S. S. Burdett to the jury. Under these assignments of error, there are but three questions important to be considered, and they are these: First. The plaintiff, under section 2082 of the Compiled Laws of 1884 of this territory, being precluded from obtaining a judgment unless his evidence is "corroborated by some other material evidence," was there such corroboration in this case as the statute requires? Second. Is there any provision, under the laws of this territory, for taking the deposition of a witness out of the territory for use in the probate court? And, third, was the court justified in this case in instructing the jury to find for the plaintiff for $118.60, or should it have submitted the whole case to them?

The plaintiff filed his claim before the probate court in the form of a petition. That petition, then, is the pleading upon which his case must rest. It is the same as a declaration in a common law case in the district court, and limits and controls the evidence which he is allowed to offer. He can not go outside the fair intendment of its allegations in the introduction of his evidence. His proof, in other words, must respond to his allegations, and tend to prove them. Unless it does thus tend to prove the allegations, and is confined to the point in issue, the evidence is clearly immaterial. This is elementary, and needs no elaborate citation of authorities to sustain it. 1 Greenl. Ev. [13 Ed.], sec. 51.

What were the allegations in his petition? We quote from it those portions necessary to a correct

understanding of this controversy: "That the estate * * * is justly indebted to your petitioner in the sum of $10,118.60; that the sum of $118.60 is due on account of cash loaned, and the sum of $10,000 is due on account of a balance due your petitioner as a part of the purchase price or consideration of an interest in the Anton Chico grant deeded by your petitioner to said deceased in the early part of the year 1883." He then goes on to state that, at the time of the delivery of the deed for the grant to the deceased, they had an accounting, and the deceased promised to pay the plaintiff the said sum of $10,000, and that the plaintiff was to be interested with the deceased in said grant, or sale thereof, to the extent of said $10,000. The defendant confessed the indebtedness of $118.60, but denied the other allegations of the petition. What, then, was the point at issue? Clearly, as to whether the Atkinson estate owed Gildersleeve $10,000 as a balance upon the purchase price or consideration for plaintiff's interest in the grant sold. Mr. Gildersleeve was a witness in his own behalf, and testified that he first made a contract in 1882 to sell his interest in the grant to Atkinson for about $12,000; that when the sale was finally consummated Atkinson agreed to pay him $10,000 in addition to the $12,000 when he (Atkinson) should sell the grant. Continuing, he said: "The $10,000 he was to pay me when he should realize," etc., "was to be regarded as a part of the consideration for the conveyance that I made to him, and payment of attorney's fees rendered by myself," etc. The evidence in regard to the attorney's fees, by his own statement, in no way enters into the consideration or interest in the grant; for he says that the $10,000 was for "part of the consideration," and for attorney's fees. What allegation is the evidence in regard to the attorney's fees responsive to, or does it in any manner tend to prove the issue here raised? It

WITNESS: testimony as to transactions with decedent.

is certainly not responsive to the allegation set out in the petition, nor does it in any way tend to meet the issue raised. But, conceding that the whole of his evidence proves, at least in part, the issue offered by himself, yet, as he is testifying about transactions with a man whose lips are forever sealed, is his evidence corroborated as required by the statute?

Section 2082, Compiled Laws, 1884, provides that no verdict, judgment, or decision shall be obtained on such evidence, unless it "is corroborated by some other material evidence." What, then, is material corroborating evidence? The term "corroborating evidence," as found in the books, is used in two distinct senses,— the one general; the other special or technical. In the general sense, it is used when we say that in any case, and as to any evidence, it was or was not corroborated.

In this sense the evidence has no other function than to aid other evidence of a like or different character in giving it additional weight. Such other evidence, so aided, may or may not be sufficient of itself; that is a question solely for the jury. General corroborating evidence may corroborate any material evidence already in, whether that evidence goes directly to the issue or necessary legal elements in the case, or to giving solidity to a link merely in the chain of proof. In the special or technical sense of corroborating evidence, upon the other hand, we are dealing with a substantive quantum of evidence without which the case of the party who is compelled to produce it must inevitably fail. Its materiality goes to the very core of the case. The character of this species of evidence, too, is generally the creation of statute. We find special or technical corroborative evidence necessarily present in, at least, three distinct classes of cases: First, in criminal cases where it is sought to convict an accused upon the testimony of an accomplice alone. In such cases the evidence of the accomplice must be

corroborated as to its material facts; and the material facts which must be corroborated are not those alone which would tend to sustain the credibility of the accomplice simply, but they must have reference to the corpus delicti, or tend to connect the defendant with actual participation in the offense charged. 1 Greenl. Ev., sec. 381, and note; 1 Bish. Crim. Proc., secs. 1169, 1170. Other facts testified to by the accomplice may be corroborated, but it simply goes in as general corroborative evidence, reaching merely to his credibility, and is not special corroborative proof. State v. Maney, 6 Atl. Rep. (Conn.) 401, 403. The law in regard to corroborating accomplices exhibits in its evolution very strikingly the difference between general and special or technical corroboration. At common law, a jury was at liberty to find an accused guilty upon the uncorroborated testimony of an accomplice; though it was the custom of the judges to caution the juries against so doing, and urge upon them the necessity of requiring corroborating evidence, or acquitting. 1 Bish. Crim. Proc., sec. 1169; People v. Clough, 73 Cal. 348. The corroborating evidence, as thus used, was of the general class; for without it the jury could convict. But, the character of an accomplice's testimony being so evidently corrupt, many states have by statute provided that it should not be sufficient, of itself and uncorroborated, to base a conviction upon. Hence the corroborating evidence in such jurisdictions becomes special or technical, because without it the accomplice's evidence is a nullity. Second, we have the technical corroborating evidence in civil cases where the testimony is given by a witness as to some transaction with a party dead at the time the evidence is required, as against an executor or administrator, or where the executor or administrator is the party plaintiff, and the party testifying is interested in the event of the controversy. In some states in such cases the inter-

ested party is not permitted to testify at all. That is the rule in the United States courts. The case before us comes within this class. The witness may be strictly honest, yet his testimony is insufficient, unless corroborated. The corroborating testimony gives vitality to the evidence to be corroborated. The tendency now in the states in this class of cases is to absolutely refuse the interested party the right to testify; hence the character of the corroborating evidence must be in this, as in criminal cases, something other than that which goes to the credibility of the witness solely. The third class of cases in which technical corroborating evidence is required is in proving wills, and, in some jurisdictions, in proving the signature to deeds. The wills are usually of no validity whatever, though signed by the testator, and though the signature is abundantly proven by parties who saw it signed, unless those parties signed the will as witnesses. Their evidence, then, is corroborative of the testator's signature, and gives it validity. There are two other illustrations of this difference in the use of the term "corroborating evidence," which may well be adverted to,—that in reference to an answer in chancery and in cases of perjury. It is laid down that it takes more evidence than one witness to overcome an answer in a chancery case, or to convict in a case of perjury. It need not be two witnesses, but one witness and some other legal evidence. 1 Greenl. Ev., secs. 257, 260; State v. Raymond, 20 Iowa, 582. Yet the corroborating evidence in this class of cases is not of the technical kind, but of the general; for in neither case is it called in to give vitality to the principal evidence, but simply to overcome a state of equilibrium in which the case is found. One witness alone, in reply to a chancery answer, leaves the case balanced. Both parties are equally credible; hence any amount, however slight, of general corroborating testimony, will overcome the answer.

So, in perjury, it is one oath against another, which in civil cases would fail to make out a case, and, of course, in a criminal case would be fatal. Bent v. Smith, 22 N. J. Eq. 566. But the law does not in effect say in perjury cases that the testimony of the witness has no validity unless corroborated, but simply that it has no more validity than the oath it attacks; hence there can be no conviction. It follows that any rule as to the materiality or efficacy of corroborating evidence drawn from cases of answers in chancery suits, and in perjury cases, can not be the true rule, where we are seeking for a correct guide in cases where the testimony has no vitality of any kind without corroborating evidence. In such cases the testimony must go, not alone to the credibility, but to the proof of some substantive fact, without which the case of the plaintiff must fail. The rule, then, as to corroborating evidence, as applicable to this case, and those similar to it, must be deduced from cases which deal with special or technical corroborative evidence. This will necessarily exclude those criminal cases in reference to perjury, and those regarding accomplices where the testimony is not regulated by statute, and cases of answers in chancery. The rule, too, will be the same in principle, whether referring to a criminal or civil case; for it goes simply to the introduction of the evidence, not to its weight. The court is first to determine whether there is any corroborating evidence; its weight is then for the jury. Keeping in mind the requirements of the statute above cited, that the evidence must be "some other material evidence," the rule fairly deducible from the adjudged cases may be thus announced: Corroborating evidence is such evidence as tends, in some degree, of its own strength and independently, to support some essential allegation or issue raised by the pleadings testified to by the witness whose evidence is sought to be corroborated, which allegation or

issue, if unsupported, would be fatal to the case; and such corroborating evidence must of itself, without the aid of any other evidence, exhibit its corroborative character by pointing with reasonable certainty to the allegation or issue which it supports. And such evidence will not be material unless the evidence sought to be corroborated itself supports the allegation or point in issue. State v. Lawlor, 9 N. W. Rep. (Minn.) 698; State v. Buckley, 22 Pac. Rep. (Or.) 838; Com. v. Holmes, 127 Mass. 424; People v. Melvane, 39 Cal. 614; People v. Clough, 73 Cal. 348; State v. Raymond, 20 Iowa, 582; 1 Am. and Eng. Encyclopedia of Law, "Accessory," 77, 79, and notes.

What, now, in view of this rule, as applied to the point in issue in this case, is the corroborative evidence relied upon to support Mr. Gildersleeve's testimony?

First. The deed executed by himself and others to Atkinson. The purchase price or consideration mentioned therein, and which is prima facie the true consideration, was $62,500. He testifies that his interest was one sixth, and that he received from Atkinson about $12,000. The deed seems to corroborate his testimony that he sold his interest in the grant for about $12,000, but it does not corroborate the allegation that after the sale he still had an interest in the grant, or that the purchase price was still unpaid. Rather, if it tends to prove anything, as it stands by itself, it is that he had parted entirely with his interest in the grant. Instead of supporting the issue raised, it militates against it.

Second. One witness testified that he at one time sought from Atkinson an option on the grant, and that he (Atkinson) told him that if anything might occur or would occur he should see Mr. Gildersleeve about it, "who was interested with him in the Anton Chico grant." This, it is contended, is corroborative evidence. But in what particular does it, of itself, tend

to prove that his interest in the grant was for the purchase price? And yet that is the only issue in the case. May it not have reference simply to the interest which he claims for attorney's fees? But there is no allegation or issue in the case to which that testimony is responsive.

Third. But it is urged that the testimony of Judge WALDO corroborates the plaintiff's evidence. The judge, in substance, says that he was talking with Atkinson about the interest which Gildersleeve claimed in the grant, but not in reference to attorney fees; and stated that Gildersleeve claimed that he had agreed with him (Atkinson) "to divide the profits—share the profits—with him on the sale of the grant," and that Atkinson had said that there would be mighty little left for Mr. Gildersleeve. Now, admit that this evidence tends to prove an interest in the grant belonging to the plaintiff, the question still remains, does it tend of itself to sustain the evidence of the plaintiff as to issue raised? That issue was that the estate of Atkinson owed him $10,000 as part of the purchase price or consideration for the grant; the amount specifically stated, $10,000. The evidence claimed as corroborative is simply as to an interest in the grant measured by profits,—it might be something or nothing. It was a contingent interest, and not covered by any allegation of his petition. In no way could it sustain the claim for a specific sum, as "part of the purchase price."

Fourth. The last evidence which is claimed as corroborative is the following letter produced by the plaintiff:

"SANTA FE, N. M., May 5, 1883.

"C. H. Gildersleeve, Esq.

"DEAR SIR:—In the event of sale of Anton Chico grant by me, as there is now a sale pending, I will from that, or any other sale, allow, to the extent of my

power, all reasonable attorney fees in connection with
the procuring of a patent.

"Respectfully,

"H. M. ATKINSON."

This letter was written after the sale to Atkinson
of the grant, and refers solely to attorney's fees. It is
true that Mr. Gildersleeve testified to an agreement for
paying attorney's fees, but it was under objection, and
there is no allegation in the petition to which his testi-
mony in this regard is responsive, and therefore the let-
ter can not be material or corroborative. The holding
in this matter is not technical. Under the statutes of
the territory, great liberality is allowed in amending of
pleadings. The plaintiff made his own case. If he
had not, in the first instance, fully alleged all that the
state of his facts warranted, he could have had leave
to have amended his petition. This he did not ask.
The presumption is that he had alleged all that there
was in his case. His testimony having no validity
without being corroborated, and there being no evi-
dence tending to corroborate it, the conclusion is
inevitable that the assignment of error is not well
taken.

2.   Did the court err in excluding the deposition
of S. S. Burdett? Section 2095 of the Compiled
Laws of 1884 provides that it shall be
lawful to take the depositions of wit-
nesses "to be used in any court in this
territory in all civil cases when the witness   *   *   *
is absent from the territory." The probate court is
one of the four courts provided by the organic act of
this territory. That it is an important court goes
without saying. Great interests are continually before
it. The reasons for taking depositions for use in courts
would seem to be just as pertinent to this class of
courts as to any others, and if a general statute allow-
ing the taking and use of depositions in courts would

*DEPOSITION of
witness absent
from territory.*

seem to include the probate court, nothing but the peremptory requirements of other statutes forbidding it should justify an appellate court in depriving it of such a necessary adjunct of arriving at the proof in any given case. Section 2096 of the Compiled Laws provides whom the depositions may be taken before, and those persons are all officials of the territory.

The contention, then, is that the deposition of a party taken out of the territory can not be used in the probate court because the person who took it was not one of the parties named in section 2096. Section 2107, however, provides that depositions of witnesses "may be taken in all suits in this territory, according to the above provisions, by any disinterested person." Standing alone, this section would seem to cure whatever defect there might be in the previous sections. And this is the contention of the plaintiff. But the defendant insists that it plainly has reference to "the above provisions," which mean the sections just immediately preceding it, which have reference to depositions taken for use in the district court. But it must be apparent to a casual reader that that clause can, without doing violence to its meaning, have reference to all the preceding sections in regard to taking depositions, including section 2095. If it thus include that section, then, without doubt, the deposition in question could and ought to have been admitted in evidence as against this objection to it. All the sections referring to depositions preceding section 2107 were originally part of chapter 32 of the Compiled Laws of 1865. Section 2107 was passed as section 4 of chapter 4 of the Laws of 1878. When the laws were compiled in 1884, the compilers placed section 4 of that chapter in the Compiled Laws as section 2107, and changed its phraseology in one place to read "according to the above provisions." The words, as originally passed, were, "according to the provisions

of chapter 32 of the Compiled Laws of New Mexico."
So that, as originally passed, this section could have
referred to section 2095. It is true that the law of the
legislature of 1878 in question had reference simply to
suits in the district court, but as this section, by its
very terms, referred to the whole chapter 32, and there
was as much reason in principle that it should refer to
probate courts as to the district court, we know of no
canon of interpretation requiring us to exclude the
probate court from the reason of the law when it is
within its terms. We therefore hold that depositions
could, under the statutes of the territory, be taken out
of the territory, to be used in probate courts. It does
not follow, however, that the court erred in excluding
the deposition, though it was upon a wrong ground.
The evidence of the deposition went entirely to the ques-
tion of paying attorney's fees, an issue not raised by
the pleadings, and hence could not have been corrobo-
rative. There was no error in refusing its admission.

3. Was there error in the court's instructing the
jury to find for the plaintiff for $118.60, and taking
from them the consideration of the claim
for $10,000? We have seen that the de-
fendant admitted the $118.60, and there
was no testimony as to the $10,000 claim except
that of the plaintiff. By section 2082 of the Com-
piled Laws of 1884, that evidence, not being cor-
roborated, could not go to the jury. There was noth-
ing for them to pass upon. The law is well settled
that, where there is no evidence for the jury to pass
upon, or where the evidence is of such a character that
the court, in the exercise of its sound judicial discre-
tion, would be called upon to set aside the verdict and
grant a new trial, if found in favor of one party rather
than the other, "it is the right and duty of the judge
to direct the jury to find according to the views of the
court. Such is the constant practice, and it is a con-

*Margin note: VERDICT: when the court may direct.*

venient one. It saves time and expense. It gives scientific certainty to the law in its application to the facts, and promotes the ends of justice." Bowditch v. Boston, 101 U. S. 16; Commissioners v. Clark, 94 U. S. 278; Montclair v. Dana, 107 U. S. 162; Delaware, etc., Railroad v. Converse, 139 U. S. 469, 11 Sup. Ct. Rep. 569. Finding no reversible error in the record, the judgment of the lower court will be affirmed.

O'BRIEN, C. J., and LEE, McFIE, and FREEMAN, JJ., concur.