FAUSTMAN v. HEWITT.

1. Automobiles—Burden of Proof—Negligence—Contributory Negligence—Insane Persons.

> In action by guardian of an insane person for injuries suffered by ward in collision of automobiles at an intersection of highways plaintiff not only has burden of proving defendant's negligence but his ward's freedom from contributory negligence.

2. Evidence—Presumptions—Eyewitnesses.

> There being an eyewitness to accident in which plaintiff's insane ward was injured no presumption may be indulged that ward was then free from contributory negligence.

3. Automobiles—Contributory Negligence—Presumptions—Eyewitnesses.

> The issue of plaintiff's insane ward's due care in action, arising out of automobile accident in which the ward was injured, rests upon proof, not presumption, where there is an eyewitness even though such eyewitness be an adverse party.

4. Trial—Motion for Directed Verdict at Close of Plaintiff's Proofs.

> Upon defendant's motion to direct verdict at close of plaintiff's proofs it is court's duty to view all of the evidence in light most favorable to plaintiff.

5. Negligence—Circumstantial Evidence.

> Negligence may be established by circumstantial evidence.

6. Evidence—Inferences.

> A jury may draw legitimate inferences from established facts.

7. Trial—Physical Facts—Negligence—Question for Jury.

> In action arising out of automobile collision at intersection of highways, under record presented, the physical facts existing subsequent to accident such as condition and position of the two cars and marks on the gravel held, sufficient to justify jury's finding that defendant was guilty of negligence.

8. AUTOMOBILES—RIGHT OF WAY—INTERSECTIONS.

As between two private automobiles approaching intersection one approaching from right which reaches intersection first, or at same time as one from left, has right of way where neither highway is shown to have been a through highway (1 Comp. Laws 1929, §§ 4712, 4713).

9. SAME—INTERSECTION.

Motorists approaching an intersection of highways have duty of proceeding with caution and to avoid accidents.

10. SAME—CONTRIBUTORY NEGLIGENCE—PRESUMPTIONS—EYEWITNESSES.

In action by guardian of an insane person for injuries sustained by ward, then sane, when his automobile collided with defendant's car at an intersection of highways, absence of showing that ward was free from contributory negligence *held*, to require direction of verdict, where presence of an eyewitness rendered unavailable presumption that ward exercised due care.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 29, 1935. (Docket No. 138, Calendar No. 38,668.) Decided January 31, 1936. Rehearing denied March 3, 1936.

Philip Floyd Faustman, as guardian of the person and estate of Bert Faustman, insane person, against Barton G. Hewitt and another for personal injuries caused by collision between automobiles at a highway intersection. Verdict and judgment for plaintiff. Defendants appeal. Reversed, without a new trial.

*Plummer Snyder* and *Marshall, Searl & Dean,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendants.

EDWARD M. SHARPE, J. At about the hour of 6:15 on the morning of July 18, 1934, Bert Faustman was driving a Ford car in a southerly direction on a road

known as the Eifert Road, which intersects an east and west road at a place known as "Beck's Corners." At about the same time, Barton G. Hewitt was driving a Hudson car in an easterly direction on the east and west road, said road being known as Ingham county road No. 435. Both roads were graveled to a width of approximately 26 feet. At the northwest corner of the intersection stood a store building. In front of this building, which faced on the north and south road, was a gas pump which stood 14 feet east of the store front.

At the time the collision occurred, Faustman was returning from Michigan State College, where he was employed as a fireman, and Hewitt, who was operating a car with the permission of the owner, defendant Grace J. Hadley, was proceeding to Jackson prison where he was employed.

At the southeast corner of the intersection near the graveled portion of the highway and 11 feet east of the east line of the north and south road stands a guard post which is painted white with a black top. Fourteen feet east of this guard post is a metal culvert which runs under the surface of the east and west road. Just south of the guard post is a ditch which runs along the east and west road. After the collision, the Hudson car was found on the graveled portion of the east and west road turned around with the front end toward the west and the rear end in line with the culvert, while the Ford car lay in the ditch headed in a northeasterly direction. There was some testimony of skid marks which began in the gravel from a line west of the center of the north and south road, while the gravel surface of the east and west road, between the culvert and the guard post, was torn up.

As a result of this collision, Bert Faustman was severely injured and at the time of the trial had been

adjudicated insane by proper probate proceedings. This suit was brought by plaintiff as guardian of the estate and person of Bert Faustman.

At the close of plaintiff's proofs, the defendants made a motion for a directed verdict, claiming that there was no proof of actionable negligence on the part of defendant Hewitt and no testimony that plaintiff's ward was free from contributory negligence. This motion was denied and again renewed at the close of all proofs. Defendants urge that the trial court was in error in not granting this motion when first made.

The burden was on the plaintiff not only to show negligence on the part of Hewitt, but also to show that he (plaintiff's ward) was free from contributory negligence. There being an eyewitness, there was no presumption that plaintiff's ward was free from contributory negligence. In *Foote* v. *Huelster,* 272 Mich. 194, we said:

"Where there is an eyewitness to an accident the issue of due care rests upon proof and not upon presumption. This is so even if the eyewitness is the adverse party."

See, also, *Buchel* v. *Williams,* 273 Mich. 132.

We are not unmindful of the fact that when the trial court denied defendants' first motion for a directed verdict, it was his duty to view all of the evidence in a light most favorable to plaintiff; and that at the close of plaintiff's proofs, there was no evidence either from any eyewitness of the collision or any of the events immediately preceding the same, but there was testimony of one witness that defendant Hewitt had told him after the accident that:

"He did not see any other rig until they were coming together, as I understand it. * * * He said he stopped."

It is also a fact that the record contains no evidence as to just what observations were made by plaintiff's ward either before or at the time he entered the intersection.

"Negligence may be established by circumstantial evidence," *Burghardt* v. *Railway*, 206 Mich. 545 (5 A. L. R. 1333); and a jury may draw legitimate inferences from established facts, to do so is not to speculate or guess the facts. *Heppenstall Steel Co.* v. *Railway Co.*, 242 Mich. 464.

If plaintiff is to recover in this case, proof of actionable negligence must be found in the physical facts existing subsequent to the accident. The record shows that the front end of the car driven by defendant Hewitt was damaged and the right center and rear end of plaintiff's ward's car was damaged; that there were marks in the gravel which would indicate that they were made by the Hudson driven by defendant when he applied the brakes; that when the cars finally stopped, they were in the southeast corner of the intersection with the Hudson car lying on the south side of the east and west road and on the east side of the north and south road facing west, while plaintiff's ward's car lay in the ditch at the southeast corner of the intersection facing northeasterly. From the position of the cars, the damage done to each, and the marks on the gravel, a jury might be justified in finding that defendant was guilty of negligence.

From the direction of approach, the defendant would have the right of way if he reached the intersection first or if both cars entered the intersection at the same time.* *Scurlock* v. *Peglow*, 263 Mich. 658. When the motion for a directed verdict was first made, the record fails to show which of the

---

* See 1 Comp. Laws 1929, §§ 4712, 4713.—Reporter.

parties entered the intersection first, the speed at which plaintiff's ward was traveling or whether he made due observation for cars approaching from his right. It was the duty of plaintiff's ward upon approaching the intersection to proceed with caution and to avoid an accident if it was possible for him to do so. This rule also applies to defendant Hewitt. To say that plaintiff's ward was free from contributory negligence would be to speculate upon something not contained in the record.

Defendants' motion for a directed verdict should have been granted. The judgment is reversed without a new trial. Defendants may have costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, POTTER, and TOY, JJ., concurred.