CIOFFARI *v.* BLANCHARD.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   The Supreme Court must consider the facts in a light most favorable to the person against whom a verdict has been directed in reviewing an order granting a directed verdict.

2. AUTOMOBILES—PEDESTRIANS—CROSSING STREET—OBSERVATION.
   A pedestrian, before crossing a street, must make proper observation as to approaching automobile traffic, form a judgment as to its distance away and its speed, continue such observations while crossing and exercise that degree of care and caution which an ordinarily careful and prudent person would exercise under like circumstances.

3. SAME—PEDESTRIANS—CROSSING STREET—NIGHTTIME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT—FAILURE TO CONTINUE OBSERVATION.
   It was negligence as a matter of law for a southbound plaintiff pedestrian to cross southerly half of 40- to 45-foot street at 9:50 p. m. in mid-November, where at north curb he had seen lights of eastbound traffic 250 feet away, when still north of center of street saw such traffic about 125 feet away approaching at speed of 20 to 25 miles an hour and after he had seen defendants' taxicab 10 feet away coming at him at a 45° angle while 8 or 10 feet from curb was struck when 5 or 6 feet from south curb, since there was a failure to continue the necessary observations.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, § 945.
[2, 3] 5 Am Jur, Automobiles, § 450 *et seq.*
[2, 3] Duty of pedestrian crossing street or highway as regards looking for automobiles. 79 ALR 1073.
Duty and liability to persons struck by automobile while crossing street at unusual place, or diagonally. 14 ALR 1176; 67 ALR 320.
Liability for injury to pedestrian who suddenly darts or steps into path of automobile. 65 ALR 205.
Contributory negligence of pedestrian at street crossing as affected by statute or ordinance. 96 ALR 786.
[3] 5 Am Jur, Automobiles, § 706.

Appeal from Wayne; Spier (James E.), J., presiding. Submitted April 11, 1951. (Docket No. 61, Calendar No. 44,806.) Decided May 14, 1951.

Case by Mario S. Cioffari against Charles S. Blanchard and another for personal injuries sustained when he was struck by defendants' automobile. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Andrews, Thoma & Wood,* for plaintiff.

*Edward N. Barnard,* for defendants.

SHARPE, J. This is an action to recover damages for personal injuries which plaintiff sustained by reason of a collision with a taxicab driven by defendant Bonislawski and owned by defendant Blanchard.

At about the hour of 9:50 p.m., on November 16, 1946, plaintiff had driven his car to a point near the New York Central depot in the city of Detroit, Michigan, and walked over to Vernor highway with the intention of proceeding to the depot to meet his mother who was coming in on a train due to arrive at 10:15 p.m. Vernor highway at the point where plaintiff intended to cross is 40 to 45 feet wide with 4 traffic lanes and runs northeast and southwest. Sixteenth street comes into Vernor highway from a northerly direction at about right angles and ends at Vernor highway. As plaintiff was about to cross Vernor highway from the north to the south he made an observation to his left, the east, and saw cars parked at a distance of about 100 feet. He made an observation to his right, the west, and saw lights of approaching vehicles about 250 feet away. While crossing the northerly half of Vernor highway, plaintiff watched mostly to his left until he arrived at a point 2 or 3 steps from the middle of the street. He

then looked to his right and saw lights from a motor
vehicle about 125 feet away and moving 20 to 25 miles
per hour in the traffic lane nearest to the center of
the street on the southerly half of Vernor highway.
Behind these lights and in the same traffic lane were
the lights of other cars. Plaintiff proceeded in a
southerly direction to a point 8 or 10 feet from the
south curb of Vernor highway when he looked to his
right and saw defendant's car coming at him at an
angle of about 45 degrees, 10 feet away and moving
about 20 miles per hour. Plaintiff was about 5 or 6
feet from the southerly curb when struck by defend-
ant's car. As a result of this collision, plaintiff suf-
fered severe injuries.

When the cause came on for trial and at the close
of plaintiff's case, defendants made a motion to di-
rect a verdict of no cause of action because plaintiff
was guilty of contributory negligence as a matter of
law and for the further reason that defendant driver
was not guilty of any negligence. The trial court re-
served ruling on the motion under the Empson act.*
Following this ruling, defendant Bonislawski was
called as a witness in behalf of both defendants and
at the close of all proofs, defendants renewed their
motion for a directed verdict for the same reasons
given in their prior motion.

The trial court granted defendants' motion, say-
ing:

"There is no question in the court's mind at this
time as to the facts as they now exist. They show
that the plaintiff made an observation when he left
the curb; he saw this traffic at the right some 250 feet
away; he proceeded to start across the road, observ-
ing the traffic to the left also; and it is his testimony
that before he reached the center of the road he

* CL 1948, § 691.691 et seq. (Stat Ann and Stat Ann 1949 Cum
Supp § 27.1461 et seq.).—REPORTER.

looked again to the right and observed 2 or 3 cars coming toward him, some 125 feet away; that he continued walking and continued his observations up to the left to see whether or not the approaching car was not going to swerve out into the—as he called it, make a wide sweep. He continued walking, continued his observations to the left. Then he made observations ahead of him, across the esplanade, as he says, seeing the lights moving on the traffic lane in the esplanade. He continued walking, watching that traffic, and just before he got to the curb, or got past the center of the last lane, he says he then looked to see what had happened to the cars that were approaching from the right, and the first car was upon him and struck him.

"Under his own statement of fact, and coupled with his signed statement that he did not see the car at all until it struck him, or was about to strike him,—those facts, in this court's mind, come clearly under the *Boyd* v. *Maruski** Case* and other cases cited by defendant's counsel, in which the courts have, and should, under the Supreme Court ruling, direct a verdict on the grounds that defendant [plaintiff] is guilty of contributory negligence as a matter of law. There is a serious question in the court's mind whether the defendant would not be entitled to a direction on the question of whether there is even sufficient proof of negligence on the part of the defendant, to go to the jury. That might be a little closer question. I don't feel that I have to rule on that, because I am basing my ruling on the contributory negligence question, and there is no doubt in my mind now that defendant is entitled to have the motion granted."

Plaintiff appeals and urges that the trial court was in error in failing to submit to the jury the issue of contributory negligence of plaintiff and the negligence of defendant. It is an established rule that in reviewing the granting of a directed verdict we must consider the facts in a light most favorable to the

* 321 Mich 71.

person against whom a verdict has been directed. If plaintiff was guilty of contributory negligence as a matter of law it was while crossing the south half of Vernor highway. The record shows that when plaintiff approached the northerly side of Vernor highway he made observations to his left and saw parked cars about 100 feet away. He then made observations to his right and saw the lights of vehicles approximately 250 feet away. He then proceeded to cross the 40- to 45-foot street and while 2 or 3 steps from the center of the street he again made an observation to his right and saw a car 125 feet away approaching at a speed of 20 to 25 miles per hour. He continued to walk and made no further observation to his right until he was 5 or 6 feet from the curb when he saw defendant's car 10 feet away.

The duty of pedestrians in crossing a street is well stated in *Malone* v. *Vining,* 313 Mich 315, where we said:

"Under present-day traffic conditions a pedestrian, before crossing a street or highway, must (1) make proper observation as to approaching traffic, (2) observe approaching traffic and form a judgment as to its distance away and its speed, (3) continue his observations while crossing the street or highway, and (4) exercise that degree of care and caution which an ordinarily careful and prudent person would exercise under like circumstances."

In *Boyd* v. *Maruski,* 321 Mich 71, plaintiff was injured while crossing Wyoming avenue in the city of Detroit. The street at the point of crossing was approximately 40 feet wide. Plaintiff proceeded safely to the middle of the street and then observed defendant's taxi standing at the northwest corner of the intersection. She was watching the traffic light, but made no further observation of defendant's taxi until she was struck by it 3 or 4 feet from the westerly curb

.of Wyoming street. The trial court at the close of plaintiff's testimony directed a verdict of no cause for action in favor of the defendant on the ground that plaintiff was guilty of contributory negligence as a matter of law. In affirming the judgment, we said:

"It was negligence as a matter of law for plaintiff to have continued crossing from the middle of Wyoming to the point of the accident without making any further observation as to vehicular traffic approaching her from the north."

· In the case at bar plaintiff made a proper observation of the speed and distance of the oncoming car while he (plaintiff) was crossing the north half of Vernor highway. He knew when he entered the south half of Vernor highway that a car was approaching from the west 125 feet away and at a rate of speed of 20 to 25 miles per hour. He also knew that he had to traverse more than half of the distance across Vernor highway while the approaching car was traveling 125 feet. It follows that plaintiff made a fairly accurate estimate of the distance and speed of the approaching car, yet was mistaken in his calculation or judgment that he could cross to a place of safety.

In *Ayers* v. *Andary*, 301 Mich 418, we said:

"Apparently the case sought to be made is one wherein plaintiff or her driver made an observation, formed a rational judgment it was safe to proceed, but was mistaken; and therefore it is urged the issue of contributory negligence was for the jury. One may not escape the consequences of his own negligence on such a claim or theory in a case where all the physical facts conclusively establish that by proceeding into the path of an oncoming automobile plaintiff's driver was taking a chance which no one in the exercise of ordinary care and caution should take."

In *Sonfilian* v. *Wiedman,* 291 Mich 697, we said:

"In many cases we have held that one is not free from contributory negligence who observes an automobile coming on the intersecting street and then proceeds to cross without giving further heed to the oncoming vehicle until the instant before or at the time of collision."

In the case at bar plaintiff made proper observations of the approaching car when it was a distance of 125 feet, but failed to continue such observations. Under such circumstances he failed to exercise that degree of care and caution which a careful and prudent person would exercise under like circumstances. It follows that plaintiff was guilty of contributory negligence as a matter of law.

The trial court was not in error in directing a verdict for defendants. The judgment is affirmed, with costs to defendants.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.