346 P.2d 551

Tony SANDOVAL, Plaintiff-Appellant,

v.

Clarence Ray BROWN, Defendant-Appellee.

No. 6569.

Supreme Court of New Mexico.

Oct. 27, 1959.

Rehearing Denied Dec. 7, 1959.

236

Smith, Kiker & Kitts, Epifanio Garcia, Jr., Albuquerque, Patricio S. Sanchez, Santa Fe, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, for appellee.

MOISE, Justice.

This is an appeal from the action of the district court in instructing the jury to return a verdict for defendant-appellee at the close of plaintiff-appellant's presentation of evidence, for the announced reason that the evidence disclosed that plaintiff was guilty of contributory negligence such as would bar him from a recovery as a matter of law.

The only question involved is whether or not the court erred in so ruling.

In order to arrive at the correct answer to the problem it is necessary that the evidence be reviewed, and in this review we are bound to appraise the same in a light most favorable to the appellant indulging all favorable inferences in his favor to be drawn therefrom. Ferris v. Thomas Drilling Co., 62 N.M. 283, 309 P. 2d 225; Thompson v. Dale, 59 N.M. 290, 283 P.2d 623; Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047.

Such a review discloses the following facts. At about 8:20 p.m. on the night of March 6, 1957, the plaintiff was walking south on the east side of Coors Road in Albuquerque, New Mexico, two to four blocks south of where the same intersects Central Avenue, when a black car occupied by several people passed him travelling in a southerly direction. After this car passed him some little distance it made a left turn into a side road and went some 100 yards from the highway and turned off its lights. Plaintiff became concerned that there might be some danger to himself from the occupants of this car, and accordingly decided to cross to the west side of the highway. He looked to the south and saw the lights of two cars approaching, but decided to cross while he could get the benefit of the lights of these cars, and while he thought he had time to do so with safety.

As the plaintiff started across the road his attention was principally upon the parked car ahead and he didn't notice the approaching cars until they were upon him. At that time he was approximately in the center of the paved road, and he stood still at that point believing the cars could pass him.

The first car was a pickup with a structure built on it for carrying a horse. The driver put on the brakes, made a sharp turn to the left and missed him. This car came to a stop on the shoulder on the west side of the road and facing in the direction from which it had come. It left skid marks some 95 feet long. The second car was driven by defendant and was following some two car lengths behind the pickup. Because of the horse stall on the pickup the defendant could not see ahead of it. As soon as the brakes were applied on the pickup and the sudden left turn made by it, defendant put on his brakes. When the pickup was out of his way he released his brakes and then saw the plaintiff right in

front of him whereupon he put on the brakes again, but the plaintiff was hit and injured. Defendant's tires left skid marks about 57 feet long in a straight line. No material damage was done to defendant's car.

A few additional uncontroverted facts are pertinent. Plaintiff was 57 years old and walked with a limp, having been released from the hospital only the day before after being treated for an ailment to his right leg. He was dressed in dark clothing. The place of the accident was in the City of Albuquerque. The road was 22 feet wide asphalt · with approximately 12-foot shoulders on either side and was straight. It was dark at the time of the accident. There were no street or other lights to illuminate the road and there were no houses or other buildings in the immediate vicinity. The place of the accident was not a cross-walk, and Albuquerque has an ordinance making it a misdemeanor for pedestrians to cross a street or highway at other than a cross-walk. Defendant's speed was from 30 to 45 miles per hour immediately before the accident. His lights were working and were on dim. No car was coming from the opposite direction, and the west lane was open.

In the light of the foregoing can it be said that reasonable minds could not differ on the question of contributory negligence and its causal connection in plaintiff's injuries? It is conceded that the question of contributory negligence is ordinarily one of fact for the jury, and only if this question can be answered in the affirmative can the lower court be sustained. Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507; Sanchez v. Gomez, 57 N.M. 383, 259 P.2d 346.

Plaintiff concedes that in crossing the highway at a place other than a cross-walk contrary to the requirements of the city ordinance, he was guilty of negligence per se. However, he cites the cases of McMinn v. Thompson, 61 N.M. 387, 301 P.2d 326; Williams v. Haas, 52 N.M. 9, 189 P.2d 632; Curtis v. Schwartzman Packing Co., 61 N.M. 305, 299 P.2d 776; Terry v. Bisswell, 64 N.M. 153, 326 P.2d 89, and Scofield v. J. W. Jones Construction Co., 64 N.M. 319, 328 P.2d 389, all as holding that even though it is clear that the plaintiff has violated a statute or ordinance and accordingly is guilty of negligence himself, nevertheless, whether such negligence is such as will bar him from a recovery is one of fact for the jury.

It is plaintiff's position that in the light of the foregoing decisions "it seems to be readily apparent that in this jurisdiction a trial court is not warranted in taking from the jury the issue of whether or not a pedestrian's negligence in crossing a thoroughfare in a manner prohibited by statute or ordinance constitutes such contributory negligence as is a proximate cause of injuries of which he complains." Plaintiff

states further "that the trial court does not become invested with the power to direct a verdict for the defendant when it appears that a plaintiff-pedestrian was negligent as a matter of law in crossing a street or highway in a manner prohibited by statute. The question of whether or not such negligence constituted the proximate cause of a collision between a motorist's automobile and such pedestrian remains, and it is clear, from this Court's prior decisions, that this is a question which properly is to be determined by the jury."

Plaintiff proceeds one additional step to assert that in the case of Russell v. Davis, 38 N.M. 533, 37 P.2d 536, this Court rejected in automobile-pedestrian cases the rule applicable in railroad crossing cases which hold that one struck by a train when crossing a railroad track is barred from recovery as a matter of law because of his own contributory negligence ·in failing to stop, look and listen.

Defendant counters these arguments by pointing out that the cases cited by plaintiff are all merely cases where the court was considering whether or not violation by a plaintiff of an ordinance or statute bars a recovery by him as a matter of law, and argues that there was something more than the violation present here, and states that "in no case cited by plaintiff is there the combination of aggravated facts and circumstances insofar as the plaintiff's conduct is concerned as in the case at bar."

He cites the case of ·Gray v. Esslinger, 46 N.M. 421, 130 P.2d 24, in support of his position that a verdict for defendant should be instructed in a proper case, and in addition numerous cases from other jurisdictions.

We have carefully reexamined the cases cited by plaintiff, and are of the opinion that if the rule asserted by plaintiff is to the effect that the question of whether or not negligence by a plaintiff in violating an ordinance or statute contributed proximately to an accident so as to bar a recovery is always for the jury, he paints with too broad a brush. McMinn v. Thompson, supra, holds nothing more nor less than that under the rule of Williams v. Haas, supra, and Curtis v. Schwartzman Packing Co., supra, the question of whether or not plaintiff's negligence under the facts of that case was a proximately contributing cause of her injury was for the jury, at least where there was a question as to defendant's truthfulness on the stand, and a question of last clear chance.

An examination of Williams v. Haas, supra, discloses the following language [52 N.M. 9, 189 P.2d 634]:

"Whether the plaintiff has been guilty of contributory negligence barring a recovery is nearly always a question for the jury under proper instructions by the court. It is rarely the case the facts are such that the court can say as a matter of law that plaintiff is

himself such an offender against the rules of the road as to deny him recovery. Yet, on occasions it does thus appear and when it does, the court should not and will not hesitate so to declare. Gray v. Esslinger, 46 N.M. 421, 130 P. 2d 24, and cases cited. We think this is not such a case, even though strongly relied upon by counsel for defendant in support of the motion to dismiss."

and the following explanation of the conclusion there reached:

"In order to bar recovery, there not only must be negligence on plaintiff's part but causal relationship as well between that negligence and the injuries complained of. Even though granted that he did not keep to the right of center of the intersection before turning to the left, to have done so would have put him in the direct path of the oncoming truck of defendant for a likely broadside impact. His failure to do what defendant charges was negligence, and so it is under the statute, 1941 Comp., § 68–501(g), unquestionably saved him from greater harm."

and goes on to hold that the plaintiff was entitled to have the jury say whether violation by him of a statutory requirement was a proximately contributing cause of his injury.

It is true that in Curtis v. Schwartzman Packing Co., supra [61 N.M. 305, 299 P.2d 778], the court did say "that the question of whether a plaintiff is guilty of contributory negligence is for the determination of the jury." However, it then went on to quote from Williams v. Haas, supra. We do not understand that there was any intention to extend the rule as laid down in that case. As we read that case, it was there held that under the facts there present plaintiff was entitled to have the question of his contributory negligence determined by the jury as is usually true.

The case of Terry v. Bisswell, supra [64 N.M. 153, 326 P.2d 94], is distinguishable in its facts as is clearly pointed out in the opinion wherein certain conflicts in the testimony are detailed all of which rendered "issuable before the jury the question whether plaintiff's negligence contributed proximately to his injury * * *."

Scofield v. J. W. Jones Construction Co., supra, holds that the question of contributory negligence was for the jury, citing McMinn v. Thompson. By this holding the Court determined only that under the facts of that case a jury question was present.

It has been our purpose in reviewing these cases to clear up any question as to the intent and meaning of these several decisions. We now reiterate that the rule in New Mexico as to whether or not contributory negligence is one of fact for the jury or one of law for the court is correctly spelled out in the quotations above from

Williams v. Haas, supra, and was stated thus in the case of Gray v. Esslinger, supra [46 N.M. 421, 130 P.2d 27]:

"We are not unmindful of the prevailing rule that plaintiff's contributory negligence, if any, ordinarily is a question for the jury. Notwithstanding this general rule, however, where reasonable minds cannot differ upon the question and they come readily to the conclusion that the plaintiff was negligent and that his negligence contributed proximately with that of defendant to cause the injury complained of, it should be so declared as a matter of law. Candelaria v. Atchison, T. & S. F. R. Co., 6 N.M. 266, 27 P. 497; Gildersleeve v. Atkinson, 6 N.M. 250, 27 P. 477; Morehead v. Atchison, T. & S. F. R. Co., 27 N.M. 349, 201 P. 1048; note, 41 A.L.R. 407; Caviness v. Driscoll Construction Co., 39 N.M. 441, 49 P.2d 251; Faustman v. Hewitt, 274 Mich. 458, 264 N.W. 863; State ex rel. Kansas City Southern R. Co. v. Shain, 340 Mo. 1195, 105 S.W.2d 915; Koock v. Goodnight, Tex.Civ.App., 71 S.W.2d 927. * * *"

Teeter v. Miller, Smith & Jones, 66 N.M. 49, 342 P.2d 864, decided by this Court July 13, 1959, is to like effect.

This rule is as valid if the negligence arises as a matter of law from the violation of an ordinance or statute, or if it arises in any other manner. We do not perceive any difference in the two situations or any reasons for different rules. In each instance there must not only be negligence present but a causal relationship between the same and the injuries, and as stated so many times, the determination of these questions is ordinarily for the jury, but where reasonable minds cannot differ on these issues, and it is clear that negligence by plaintiff contributed proximately along with the negligence of the defendant to cause the injury, the court has the right and duty to remove the case from consideration of the jury. Williams v. Haas, supra; Gray v. Esslinger, supra.

Before leaving the discussion of this subject, and because of appellant's reliance on certain language in the decision in the case of Russell v. Davis, supra [38 N.M. 533, 37 P.2d 538], we quote therefrom, and reaffirm what was there said, as follows:

"The standard of conduct applicable to one approaching an automobile highway is the same standard applied to one approaching a railroad crossing or a bicycle path. Each is bound to the exercise of such ordinary care as the circumstances of the case require. There is but one standard of conduct to be applied to a person crossing at either place—the care and caution of a prudent person under the circumstances. The precautions to be taken in each case increased with the hazards.

Each is bound to the exercise of ordinary care for his own safety and the prevention of injury to others."

See also Saindon v. Lucero, 10 Cir., N.M. 187 F.2d 345; Auel v. White, 389 Pa. 208, 132 A.2d 350; Glazier v. Tetrault, 148 Me. 127, 90 A.2d 809; Cioffari v. Blanchard, 330 Mich. 518, 47 N.W.2d 718.

■ It remains only for us to apply the rules set forth above to the present situation. The learned trial judge in sustaining defendant's motion and dismissing the case felt that the minds of reasonable men could not differ on the question of plaintiff's negligence being a proximate cause of his injury. We cannot say that we disagree with this conclusion. Aside from any question of negligence present in crossing the street at a place other than a cross-walk in violation of the admonition of the ordinance, it is difficult to see how anyone can claim freedom from negligence or that such act did not contribute proximately to his injuries when he steps out into a street in front of two cars approaching so closely that he is attempting to cross in the light thrown by the cars, and at the same time is giving attention to another car parked some distance ahead, and then when aware that the cars are upon him stops in the lane of travel of these cars and is thereupon struck by one of them.

The appellee argues that aside from any question of contributory negligence, there was no sufficient proof of negligence on the part of the defendant to go to the jury. In view of our disposition of the only point made by appellant, it is not necessary for us to consider this argument.

Finding no error, the judgment of the district court is affirmed, and it is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and CARMODY, JJ., concur.