301 P.2d 326

**Beola McMINN, Plaintiff-Appellee,**

v.

**Jay B. THOMPSON, Defendant-Appellant.**

No. 6100.

Supreme Court of New Mexico.

Sept. 7, 1956.

Smith & Smith, George M. Murphy, Clovis, for appellant.

Compton & Compton, Portales, for appellee.

McGHEE, Justice.

The plaintiff (appellee) was struck by defendant's (appellant's) car when she walked across a fifty-foot paved street between intersections after dark. The street, in Portales, New Mexico, is also a state highway. The defendant appeals from a judgment in favor of the plaintiff for $7,500 on account of personal injuries suffered by her.

The complaint alleged the injury was caused by the careless and negligent manner in which the defendant was operating his automobile and, in addition, that he had a last clear chance to avoid the accident and resulting injury. The defendant denied such allegations and pleaded assumption of risk and contributory negligence on the part of the plaintiff.

The first point relied upon for reversal is the claimed error of the trial court in denying defendant's motion for a directed verdict and his later motions for a new trial and judgment *non obstante veredicto* on the ground there was no substantial evidence of his negligence.

We briefly summarize the evidence on the point as follows:

The plaintiff was going home from her place of business after dark. When she reached the middle of the block opposite her home she looked to the left and saw the headlights of three cars travelling slowly toward her, so she proceeded to the center line of the street and then looked to her right and saw the defendant's car approaching her. She thought she had time

to cross to the far side of the street. She then started across it and testified she did not remember anything more until she recovered consciousness in the hospital the following morning.

Police officers who investigated the accident a short time after its occurrence testified the defendant's car was stopped approximately even with the sidewalk leading from the street to the plaintiff's house and that she was lying in the street approximately 25 feet from the car; that the distance from the car back to the intersection of the first street north, from which the defendant had entered the street on which the accident occurred, was 165 feet, as it was stepped, although one of the officers at one place in his testimony gave it as 155 feet and later changed back to 165 feet. The officers also testified there were skid marks made by the tires on the defendant's car which extended back north for half of the distance to the intersection where the car had entered the street.

The defendant was called as an adverse witness by the plaintiff and admitted striking plaintiff with his car. He stated that while he was not watching the speedometer he knew he was not exceeding the speed limit of 25 miles per hour set by a city ordinance; that the headlights of his car were burning on dim, as required by the ordinance; that he did not see the plaintiff until he was approximately 30 feet from her and that he did all in his power to avoid hitting her. He also stated the right front fender of his automobile had a mashed place on it at the bend which was some 15 inches across where it struck the plaintiff.

It is easy to understand why the jurors rejected defendant's statements of how the accident occurred and when he first saw the plaintiff. His testimony that he first saw her when he was only 30 feet away is wholly inconsistent with the skid marks made by his tires for a distance of approximately 85 feet, or perhaps a few feet less from the point of impact, as he stated the car went a few feet after the plaintiff was struck. Defendant did not claim he applied the brakes before seeing plaintiff in the street.

It is a matter of common knowledge there is a reaction period between the time one becomes aware of danger and the actual operation of applying the brakes, and this would place the defendant still further up the street to the north before application of the brakes.

We believe under the record it was proper to submit the case to the jury and let it determine whether the negligence of the defendant was the proximate cause of the accident. However, if we be in error on this point, there still remained the issue of last clear chance.

The skid marks undoubtedly received serious consideration by the jury—

and properly so in this case where there were no eyewitnesses other than the parties —and were themselves sufficient evidence to sustain a finding of excessive speed in this 25 mile per hour zone. Bock v. Sellers, 1939, 66 S.D. 450, 285 N.W. 437; Bozman v. State, 1939, 177 Md. 151, 9 A.2d 60, and authorities therein cited; Swartz v. Dahlquist, 1948, 320 Mich. 135, 30 N.W. 2d 809.

The next point urged by defendant is the plaintiff was guilty of contributory negligence as a matter of law in crossing the street in the middle of the block in violation of an ordinance of the City of Portales prohibiting one from standing or walking in a street if it interferes with traffic, and that she also violated § 64–18–34, NMSA, 1953, which provides every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk within an intersection shall yield the right of way to all vehicles upon the roadway.

■ It is not to be questioned that the plaintiff was guilty of negligence *per se* in crossing this street (which is also a state highway) in the middle of the block in the nighttime so that she was struck by a car with its headlights burning and of which she had an unobstructed view. Zamora v. J. Korber & Co., 1955, 59 N.M. 33, 278 P.2d 569; Moss v. Acuff, 1953, 57 N.M. 572, 260 P.2d 1108. The question is, Should

the trial court have held as a matter of law that her acts were a proximate contributing cause of her injury and directed a verdict against her, or was it the province of the jury to determine such question and to award the plaintiff damages if it determined the issue in the negative? We believe it was a matter for the determination of the jury under our decisions in Williams v. Haas, 1948, 52 N.M. 9, 189 P.2d 632, and Curtis v. Schwartzman Packing Co., 61 N.M. 305, 299 P.2d 776.

■ The next point relied upon is that the trial court erred in submitting the issue of last clear chance to the jury under the evidence in the case.

As already stated, the evidence of the plaintiff showed the defendant skidded his tires for half of the distance back to the intersection, which, under measurements she says were correct, would be a distance of 82½ feet. Of necessity, there was some reaction time after defendant had seen the plaintiff before he could apply the brakes and start the skidding.

The defendant says the fact of his skidding the tires shows he was trying to avoid the accident and that the case of Stokes v. Johnstone, 1955, 47 Wash.2d 323, 287 P.2d 472, where the tires were skidded for a distance of 83 feet is authority for his contention an instruction on last clear chance should not have been submitted to

the jury. However, aside from the length of the skid marks in that case and this one, the facts of the two differ. There a car was stalled in the highway and the injured parties were standing at the side of the car to the left of where the defendant was approaching and he testified he did not see them. There was no contention there, so far as the opinion discloses, that the defendant had a clear view of the road beyond the car, or that there was no traffic approaching from the opposite direction so that defendant might have swerved to the left. Here, so far as the record shows, there was no traffic approaching from the south which would have prevented defendant turning to his left in the fifty-foot paved portion of the street. He did not offer any explanation of his failure in this regard, but instead apparently relied on his statement he did not see the plaintiff until he was within 30 feet of her, notwithstanding the silent testimony of the skid marks extending back up the road for more than 80 feet.

We agree with the statement of the Washington court in the Stokes case, supra, that the last clear chance doctrine means a clear chance and does not mean a last possible chance, but we believe the fact and circumstances warranted the jury in finding the defendant had a last clear chance here and that the trial court did not err in submitting the issue to it.

■ The final point made by defendant is the trial court erred in refusing his tender of proof that plaintiff was drawing more from social security benefits than she would have earned from her business and that she could not have drawn her social security payments if she had remained on the job and assisted in the conduct of the business in which she was a partner.

Social security payments come from funds contributed by an employer, the employee or a self-employed person, aided, as we understand, by a benevolent government. No authorities in point are cited in support of the claim and we are satisfied it is without merit.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER and KIKER, JJ., concur.

COMPTON, C. J., not participating.