363 P.2d 632

C. G. BROWN, d/b/a Brown's Fixit Shop, Plaintiff-Appellee,
Rainbo Baking Company, Third-Party Defendant-Appellee,
St. Paul Fire and Marine Insurance Company, a corporation; R. G. Windsor; George Bumby and Government Employees Insurance Company, Intervenors-Appellees,

v.

James W. HAYES and J. T. Hayes, Defendants-Third-Party Plaintiffs-Appellants.

No. 6736.

Supreme Court of New Mexico.

July 13, 1961.

Iden & Johnson, R. G. Cooper, Robert W. McCoy, Albuquerque, for appellants.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for C. G. Brown, d/b/a Brown's Fixit Shop and Rainbo Baking Co.

Sheehan & Duhigg, Albuquerque, for St. Paul Fire & Marine Ins. Co. and R. O. Windsor.

Adams, Foley & Calkins, Albuquerque, for George Bumby and Government Employees Ins. Co.

CARMODY, Justice.

Defendants appeal from the award of property damages in favor of the various other parties, following a non-jury trial of two consolidated cases which arose out of one "chain reaction" automobile accident.

The only real question is whether there was contributory negligence as a matter of law so as to bar a recovery by one of the plaintiffs, although defendants also assert a procedural error with respect to the trial court's findings and conclusions.

The real parties from the standpoint of this appeal are the defendants Hayes, who were defendants in both of the cases below, and the Rainbo Baking Company, which was a plaintiff in one of the cases below and a third-party defendant in the other case. The other parties, who intervened, were awarded damages in the trial court, and, no matter what the outcome of this appeal may be, the amount of the award except as to Rainbo is fixed, it being merely a question of the responsibility of either the defendants Hayes, or the Rainbo Baking Company, or both.

The baking company's pickup truck was proceeding on a street in Albuquerque, and while making a left turn not at an intersection, was struck by the Hayes car while the Hayes driver was attempting to overtake and pass the pickup. After the initial collision, the Hayes car proceeded a short distance and ran into another car, then struck still another, driving the latter car into a building. The damages to the other two cars and the building were those awarded to the intervenors. The total damage, including that to the Rainbo truck, was slightly in excess of $4,000.

Defendants apparently admit being negligent, as no question whatsoever is raised in this appeal as to this. Defendant Hayes was exceeding the speed limit and, as a result, was fined on this charge and for following too closely. In addition, the brakes on the Hayes car were "very bad." The bakery truck was proceeding in a southerly direction on a two-lane street. The driver placed the left-turn signal in operation, anticipating turning into a street a short distance before the place where the accident occurred. Instead of turning into the street, the driver decided to go somewhat further to purchase some cigarettes, and, with the flashing light still operating, passed the intersection where he had planned to turn and proceeded to a store which was on the opposite side of the street. After making the turn, the truck had reached a point two or three feet off of the paved area of the highway when it was struck by the Hayes car in its attempt to pass. The left front of the truck was struck by the right front of the Hayes car.

The real basis of the defendants' contention of contributory negligence as a matter of law on the part of the bakery truck driver was because, on cross-examination, the following occurred:

"Q. What was behind you? A. Not anything that I could see.

"Q. Nothing was behind you? A. Not that I could see.

"Q. When did you last look behind you to see if some cars were behind you before you executed that turn? A. Before I executed the turn?

"Q. How long before you executed the turn? A. I couldn't say how long but before I made my turn.

"Q. You have some idea, what is your best estimate when you looked to see if there was traffic behind you? A. Before I turned?

"Q. About how long before you turned? A. About two or three minutes.

"Q. About two or three minutes before you turned you looked behind you? A. Yes, sir.

"Q. And did you look any time after that two or three minutes before you made your turn? A. No, sir."

At the close of the plaintiff's case and again at the close of all of the evidence, defendants moved for a non-suit on the basis that the Rainbo driver was contributorily negligent as a matter of law and that therefore no recovery could be had as against the defendants. Both of these motions were overruled.

At the close of the trial, the court announced that it found negligence on the part of the defendant Hayes, no negligence as far as Rainbo was concerned, and set the amount of the damages for Rainbo and the intervenors in accordance with the evidence. Some two weeks later, on December 15th, the trial court entered a judgment, which contained findings of the negligence of Hayes, and that this negligence was the sole and proximate cause of the damages, and that the baking company driver was not negligent. Thereafter, on December 24th, an order allowing appeal was granted, all parties having previously submitted requested findings, but not until December 30th were the court's findings of fact and conclusions of law filed. The findings were generally in accord with those erroneously contained in the judgment, except that the findings did not specifically state that the sole and proximate. cause was the negligence of Hayes. They did, however, say that, as a result of the negligence of Hayes, the damage occurred.

We will first dispose of the procedural attack, the defendants urging that there was error on the part of the trial court in not making findings of fact and conclusions as required by Sec. 21–1–1 (52) (B) (a), N.M.S.A., 1953. The gist of defendants' contention is that the court lost jurisdiction after the entry of the order of appeal, and that therefore the findings could not be considered.

We have had occasion in more than one case to consider a situation where the court has failed to make findings of fact, or the findings were insufficient, and where this occurred we have remanded the cases to the trial court to correct this error. See, Prater v. Holloway, 1945, 49 N.M. 353, 164 P.2d 378; Smith v. South, 1955, 59 N.M. 312, 283 P.2d 1073; Isaac v. Seguritan, 1960, 66 N.M. 410, 349 P.2d 126; and Moore v. Moore, 1961, 68 N.M. 207, 360 P.2d 394.

It would seem that there is little merit in defendants' argument, because, in this instance, the findings are a part of the transcript, and certainly if this court can remand the case for the entry of findings, it would be a useless thing to strike the present findings and remand the case to the trial court for the making of the same over again. Although we must insist upon compliance with the rule by the trial courts,

certainly little would be accomplished, other than additional delay, in remanding the case for this purpose only. We do not feel that the interests of justice require such a procedure, and will proceed to determine the issues on the basis of the facts as found by the trial court. Compare, Ginsberg v. Royal Ins. Co., 5 Cir., 1950, 179 F.2d 152.

In fairness to the trial judge, it is apparent from a reading of the transcript that he felt that the parties would perhaps waive the submission of formal findings and that there would be no necessity for the court doing so. However, the defendants did appeal, and, in retrospect, the court was in error in entering the judgment and the order of appeal prior to the findings, but under these particular facts we do not feel that such an error is jurisdictional.

As to the main point, defendants rely on the provisions of § 64–18–24, N.M. S.A., 1953, which section, without quoting the same, provides in part that no person shall make a turn unless such movement can be made with reasonable safety, and, further, that an appropriate signal of the turn shall be given.

Assuming, without deciding, that the bakery truck driver was negligent per se, still, unless such negligence was the proximate cause of the collision, it would avail the defendant nothing. See, Hartford Fire Ins. Co. v. Horne, 1959, 65 N.M. 440, 338 P.2d 1067; Curtis v. Schwartzman Packing Co., 1956, 61 N.M. 305, 299 P.2d 776; McMinn v. Thompson, 1956, 61 N.M. 387, 301 P.2d 326. As above stated, the trial court found that the damage was a result of the negligence of the defendant, and this, on the part of the fact finder, is binding on us. See, Perini v. Perini, 1958, 64 N.M. 79, 324 P.2d 779; Jensen v. Allen, 1958, 63 N.M. 407, 320 P.2d 1016; New Mexico Bus Sales v. Michael, 1961, 68 N.M. 223, 360 P.2d 639; and Brown v. Martinez, 1961, 68 N.M. 271, 361 P.2d 152.

No attack as required by the rules is made by the defendants upon the findings as such, but, even so, we feel that they are amply supported by the evidence. The fact that the Rainbo driver had apparently completed his turn and was off the blacktop before being struck is certainly an impressive circumstance, which would go a long way toward negating the turn as being the proximate cause of the accident. Quite obviously, the cause was not the turning by the truck driver, but was the speed, failure to observe, and following too closely by the defendant Hayes.

It is certainly possible that the minds of reasonable men might differ as to whether the driver of the bakery truck

was negligent in failing to look at the last moment, and therefore this was a factual question for the court to determine, not one of law. In any event, the causal relationship under the facts here present was clearly one for the determination of the fact finder. The motion could not be granted as long as the minds of reasonable men could differ as to either the negligence or the proximate cause. Compare, Sandoval v. Brown, 1959, 66 N.M. 235, 346 P.2d 551.

We see no reason to extend this opinion by a discussion of the application of the statute to the facts of this case. Suffice it to say that the cases such as Danz v. Kennon, 1957, 63 N.M. 274, 317 P.2d 321, and those from other jurisdictions relied upon by the defendants deal with facts differing from those in the instant case, or the matter of proximate cause was not in issue.

The judgment will be affirmed. It is so ordered.

COMPTON, C. J., and MOISE, J., concur.

CHAVEZ and NOBLE, JJ., not participating.