546 P.2d 863

Mike MADRID, as guardian ad litem and next friend of Marita Watchman, a minor, Plaintiff-Appellant,

v.

A. L. SCHOLES, Defendant-Appellee.

No. 1878.

Court of Appeals of New Mexico.

Jan. 13, 1976.

Certiorari Denied March 1, 1976.

James L. Brown, Farmington, James K. Ribe, Zamora, Ribe & Rael, Santa Fe, for plaintiff-appellant.

Eugene E. Klecan, Klecan & Roach, P. A., Albuquerque, for defendant-appellee.

## OPINION

SUTIN, Judge.

Plaintiff appeals an adverse judgment arising out of an accident in which Marita Watchman was run over by defendant's pickup truck. We reverse.

A. *Former testimony of witnesses is inadmissible.*

Without any foundation or predicate, the trial court admitted in evidence the testimony of two female witnesses, which testimony had been given at a previous trial between these parties. The only predicate shown appeared when the attorney for the defendant announced:

Subpoenas were sent, I don't have a return by these - - -

Based upon this answer to plaintiff's objection, the trial court admitted the testimony under the third part of Rule 43(a)(1)(iii) of the Rules of Civil Proce-

dure [§ 21–1–1(43)(a)(1), N.M.S.A.1953 (Repl.Vol. 4)]. This rule reads:

The testimony of any witness taken in any court, state or federal, in this state may be used in any subsequent trial or hearing of the same issue between the same parties in the following cases:

(i) When the witness is dead or insane.

(ii) When the witness is a nonresident of this state.

(iii) *When after diligent effort the whereabouts of the witness cannot be ascertained.* [Emphasis added].

■ This rule, except for the insertion of the words "state or federal", was enacted by the legislature in 1919. Laws 1919, ch. 29, § 7. It was adopted as Rule 43 of the Rules of Civil Procedure in 1942. This rule creates no new right or remedy. It is declaratory of the common law. *State v. Trujillo,* 33 N.M. 370, 266 P. 922 (1928).

■ A party seeking the admission of former testimony of a witness must make a showing of "due diligence" by some evidence that the witness cannot be produced in person to testify. *State v. Holly,* 79 N. M. 516, 445 P.2d 393 (Ct.App.1968); *State v. Riddel,* 38 N.M. 550, 37 P.2d 802 (1934); *State v. Trujillo,* supra; *State v. Jackson,* 30 N.M. 309, 233 P. 49 (1924); *Kirchner v. Laughlin,* 5 N.M. 365, 23 P. 175 (1890).

■ In addition to Rule 43, we have Rule 804 of the Rules of Evidence [§ 20–4–804, N.M.S.A.1953 (Repl.Vol. 4, Supp. 1975)]. This rule covers "unavailability as a witness". The party must show that he was unable to procure the attendance of the witness by process or other reasonable means. Defendant did not comply with this rule of evidence. *State v. Mann,* 87 N.M. 427, 535 P.2d 70 (Ct.App.1975); see *State v. Bailey,* 62 N.M. 111, 305 P.2d 725 (1956).

■ These rules of evidence are applicable in civil cases as well as criminal cases. We have not been confronted with this problem in civil cases since 1890. For a complete review of the law in civil cases on former evidence, see 31 A C.J.S. Evidence §§ 384–396; 29 Am.Jur.2d Evidence §§ 738–759.

■ The use of the former testimony of the two witnesses shows that plaintiff's case was prejudiced.

This case involved personal injuries to Marita Watchman, a four-year-old child. The accident occurred when defendant backed his pickup truck while Marita, in the company of her grandmother, Grandma Thompson, was attempting to board the pickup from the rear. Defendant failed to look into the rear of the camper before starting.

One witness, Irene, testified that when Marita and Grandma Thompson came out of the church, she, Marita and Grandma Thompson were going to a Chapter House about six blocks away. Irene told Grandma Thompson it was too far for her, and that she should get in the pickup, and when she turned around, Marita and Grandma Thompson had gone over there.

The second witness, Lillian, testified that while defendant was helping Eva Bryant into his pickup, Eva Bryant "was talking about Grandma Thompson going to the Chapter House, wanting to go to the Chapter House, *that she wasn't coming . . .*"; that Grandma Thompson "had turned around while Irene was yelling at her, *I guess to come back.*" [Emphasis added].

In closing argument, defendant used this testimony effectively. After placing the jury in the position of defendant, in the nature of the Golden Rule, he said:

Now the evidence is clear, without a contradiction, that Mr. Scholes is of the opinion, based upon what had been told to him and what he had observed and the whole circumstances, *and she wasn't going to go back with him in that camper . . . .* He was of the opinion that she was going to go to the chapter house because she was always with her grandmother and her grandmother indi-

cated to Iva Bryant, and made every movement to go to the chapter house which was out that way.

\* \* \* \* \* \*

But then, as applied to Marita in this case, you have a situation where he . . . was aware of a decision that was made . . . . But he had already been informed that Marita and her grandmother were not there, and they were going off in the other direction, *and that was the whole purpose of showing Irene Tsosie. Irene Tsosie knew the parties and so forth, she said she talked to Marita and her grandmother, and Marita and her grandmother told her that they wanted to go up to the chapter house, . . . . I don't think there's any question about that . . .* and it was told that she was going up to the chapter house. *I don't think it is unreasonable, again we get to a state of mind, for Mr. Scholes to have assumed that Marita and her grandmother were going to go to the chapter house. He had no evidence to the contrary . . . .* [Emphasis added]

The argument on this evidence takes up two and a half pages and constitutes the core of the defense in this case. Without the testimony of the two witnesses, plaintiff's case would have appeared stronger, and defendant's defense weaker, on the issue of defendant's negligence. The admission of the testimony was prejudicial error.

We will add that the mere reading to a jury of former testimony of a witness does not convey to the jury the conscience of the witness, such as is shown by his conduct, his intentions or his character. It is important that a witness stand face to face with members of. the° jury in order that they may look at him and judge his testimony by his demeanor on the stand and the manner in which he testifies. This is one factor which assists in procuring a fair trial.

Public policy demands, however, that this factor be lost when it is impossible to produce the witness to testify in person for any reason which the law allows. For deposition testimony of an unavailable witness, see Rule 26(d)(3) of the Rules of Civil Procedure [§ 21–1–1(26)(d), N.M.S. A.1953 (Repl.Vol. 4)].

The admission in evidence of the former testimony of two witnesses was reversible error.

B. *The denial of voir dire was not an abuse of discretion.*

In the absence of the jury, plaintiff requested the court to ask the entire jury panel (1) whether they or any member of their immediate family owned any stock in any casualty company or in any company that had any connection and ownership in the casualty company, (2) whether they or any member of their immediate family were officers or employees of a casualty company or any company that had any ownership or control or interest in a casualty company. This request was denied.

The trial court previously inquired of the jury:

Do any of you own any stocks and bonds through any company or corporation?

Several members of the jury answered affirmatively and stated the names of the corporations. None of them were casualty companies.

The trial court had advised plaintiff that he could ask the jury by whom their immediate family was employed. Plaintiff sought the right to ask the jury the specific question whether any immediate member of the family was employed by a casualty company or organization that had any connection with the casualty company. This request was denied.

This kind of voir dire examination rests within the discretion of the trial court. *Canter v. Lowrey,* 69 N.M. 81, 364 P.2d 140 (1961); *Stalcup v. Ruzic,* 51 N. M. 377, 185 P.2d 298 (1947); *Olguin v. Thygesen,* 47 N.M. 377, 143 P.2d 585 (1943). It has been uniformly held that no abuse of discretion occurs when voir dire on this subject is granted. Until it appears that the denial thereof is not without rea-

son, the denial does not constitute an abuse of discretion. The voir dire by the trial court was a fair presentation of the inquiry.

C. *Final argument is cautioned.*

 Plaintiff complains of the final argument of defendant's attorney. The argument consisted of placing the jury in the position of the defendant. We caution trial lawyers to "just stick with the evidence" when ordered by the court. See *Jackson v. Southwestern Public Service Company,* 66 N.M. 458, 349 P.2d 1029 (1960); *Beal v. Southern Union Gas Co.,* 66 N.M. 424, 349 P.2d 337 (1960).

Other errors complained of may not arise at a retrial or are not meritorious.

Reversed.

It is so ordered.

LOPEZ, J., concurs.

HERNANDEZ, J., dissents.