642 P.2d 602

James F. COULTER,
Petitioner-Appellant,

v.

Karin Olmstead STEWART,
Respondent-Appellee.

No. 13532.

Supreme Court of New Mexico.

March 15, 1982.

Stevan J. Schoen, Albuquerque, for petitioner-appellant.

Raymond G. Sanchez, Albuquerque, for respondent-appellee.

## OPINION

FEDERICI, Justice.

This is an appeal from a judgment awarding to appellee custody of a child. Following hearings in March and April 1980, temporary custody was awarded to appellant, pending home studies of the parties. Appellee, the child's mother, filed a motion entitled "Motion to Modify" in June 1980. Following a hearing, temporary custody was continued with appellant, while permitting visitation by appellee. In October 1980, following submission of reports by state agencies and additional expert testimony, the district court awarded custody of the child to appellee. This appeal followed. We affirm.

### I.

The first issue we address is whether the findings and conclusions of the trial court

are sufficient under N.M.R.Civ.P. 52(B)(1), N.M.S.A.1978 (Repl.Pamp.1980).

■ This Court has held that under N.M.R.Civ.P. 52(B)(1), a trial court may not abdicate its judicial responsibility and must exercise its independent judgment in entering findings of fact and conclusions of law. *Mora v. Martinez*, 80 N.M. 88, 451 P.2d 992 (1969). Since that decision, this Court has stated that a trial court does not abdicate its judicial responsibilities by adopting findings of fact and conclusions of law submitted by one of the parties, so long as the findings adopted are supported by the record. *Sisneros v. Garcia*, 94 N.M. 552, 613 P.2d 422 (1980), *citing United Nuclear Corp. v. General Atomic Co.*, 93 N.M. 105, 597 P.2d 290, *cert. denied*, 444 U.S. 911, 100 S.Ct. 222, 62 L.Ed.2d 145 (1979). This is particularly true where the findings are before the Court in the form of the judgment rather than in a separate document. We note that the findings of fact made by the trial court in the present case are considerably different than those requested by appellant and appellee.

In this case, the Court has before it, in the judgment, findings which the trial court entered. There is substantial evidence to support those findings. Little would be accomplished in remanding the case for the purpose only of separately stating those same findings of fact. As this Court stated in *Brown v. Hayes*, 69 N.M. 24, 363 P.2d 632 (1961):

> Although we must insist upon compliance with the rule by the trial courts, certainly little would be accomplished, other than additional delay, in remanding the case for this purpose only. We do not feel that the interests of justice require such a procedure, and will proceed to determine the issues on the basis of the facts as found by the trial court. [Citation omitted.]

*Id.* at 27–28, 363 P.2d at 634–35.

## II.

■ The second issue is whether the "best interest of the child" test applied by the district court was proper.

The trial court, with reference to the test which it should apply in child custody cases, found and concluded that a court's primary concern and consideration must be for the child's best interests. This is the correct and proper test. *Schuermann v. Schuermann*, 94 N.M. 81, 607 P.2d 619 (1980).

■ The trial court specifically found and concluded that it would be in the best interest of the child that appellee be awarded custody. Although the evidence is conflicting, nevertheless there is substantial evidence to support the trial court's findings.

## III.

■ The final issue is whether evidence regarding appellee's mental health was properly excluded.

At the October 1980 hearing, appellant's witness, Dr. Houghton, was asked to summarize information regarding therapy which appellee had undergone at Bernalillo County Medical Health Center. Objection to this evidence was sustained. Appellant contends that the evidence was admissible, pursuant to N.M.R.Evid. 703, N.M.S.A. 1978, as facts reasonably relied upon by experts in a particular field, and pursuant to N.M.R.Evid. 803(4), N.M.S.A. 1978 (Cum. Supp.1981), as a statement made for purposes of medical diagnosis or treatment.

■ We note that appellant did not make a proper tender of proof. *See Mantz v. Follingstad*, 84 N.M. 473, 505 P.2d 68 (Ct. App.1972). We find no proper foundation that the statements were of the type reasonably relied upon by experts giving opinions and the witness was never asked if he relied on the report as the basis of his conclusion. While experts may rely on hearsay under Rule 703, the hearsay itself is not admissible. *Wilson v. Leonard Tire Co., Inc.*, 90 N.M. 74, 559 P.2d 1201 (Ct.App. 1976), *cert. denied*, 90 N.M. 9, 558 P.2d 621 (1977).

The admission or exclusion of this type of evidence lies within the discretion of the

trial court and its decision will not be overturned absent an abuse of discretion. *Bendorf v. Volkswagenwerk Aktiengeselischaft*, 90 N.M. 414, 564 P.2d 619 (Ct.App.), *cert. denied*, 90 N.M. 636, 567 P.2d 485 (1977).

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE, J., concur.