This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LINDA QUINTANA and ELIZABETH QUINTANA, as co-trustees of the LOUIS L. QUINTANA and ELIZABETH GRACE QUINTANA REVOCABLE TRUST,**

     Petitioners-Appellees,

v.                                  **NO. 33,028**

**CHARLENE MONTANO GABALDON,**

     Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Edmund H. Kase III, District Judge**

Keleher & McLeod, P.A.
Thomas C. Bird
Albuquerque, NM

Briones Business Law Consulting P.C.
Thomas R. Briones
Albuquerque, NM

for Appellees

Solomon Brown
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Respondent Charlene Montano Gabaldon appeals the district court's grants of summary judgment quieting title in favor of Petitioners Linda Quintana and Elizabeth Quintana as co-trustees of the Louis L. Quintana and Elizabeth Grace Quintana Revocable Trust. Respondent asserts numerous claims of error on the part of the district court. We affirm.

**BACKGROUND**

{2}     Louis and Elizabeth Quintana filed a petition to quiet title to multiple parcels of land in Torrance County within the Town of Manzano Land Grant naming assorted defendants. Respondent was the only party to oppose the petition. Respondent claimed better title because she had been awarded "certain tracts" of land in a divorce settlement. Petitioners and Respondent did not agree as to what property was claimed by both parties. Thus, resolution of the quiet title petition as to Respondent required two overlapping determinations. First, on what properties claimed by Petitioners, if any, did Respondent maintain a competing claim. Then, as to any properties with disputed ownership, what was the relative strength of title.

{3} During the course of discovery, Respondent sought to depose Louis Quintana. Petitioners filed a motion to quash the notice of deposition and for a protective order on grounds that Mr. Quintana suffered from dementia caused by Alzheimer's disease. Mr. Quintana's diagnosis was substantiated by letters from his primary care physician and a neurologist. Over Respondent's opposition, the district court granted Petitioners' motion.

{4} At the deposition of Elizabeth Quintana, it came to light that the properties to which Louis and Elizabeth Quintana petitioned to quiet title had, in fact, been transferred to a trust—the Louis L. Quintana and Elizabeth Grace Quintana Revocable Trust. The attorney for Louis and Elizabeth Quintana subsequently filed a motion to substitute the name of the real party in interest. Over Respondent's opposition, the district court granted the motion, thus allowing Petitioners to replace Louis and Elizabeth Quintana as the parties in interest.

{5} Petitioners and Respondent each hired a land expert to analyze the surveys and chains of title at issue. Both experts agreed that there were two parcels to which there were competing claims. Petitioners eventually determined that they no longer had an ownership interest in one of the parcels. As to the sole remaining parcel for which there were competing claims, both experts agreed that the chain of title of Petitioners was superior.

**{6}** Petitioners filed three summary judgment motions. The first requested summary judgment to quiet title on properties unrelated to any claims made by Respondent. The second requested summary judgment on properties that shared a boundary with property claimed by Respondent. The third requested summary judgment on the parcel claimed by both Petitioners and Respondent. The district court granted all three motions.

**{7}** Respondent timely filed an appeal. On appeal, Respondent contends that the district court committed the following errors, among others: (1) finding that Petitioners' quiet title action against her was not barred by res judicata; (2) denying her motion to disqualify Petitioners' expert; (3) denying her laches defense; (4) allowing Petitioners to be substituted for the original claimants; (5) granting the protective order preventing her from deposing Louis Quintana; and (6) relying on illegible, inadmissible documents and allowing Petitioners' expert to do the same. We note that Respondent's arguments are generally undeveloped, unclear, or both. Although at a disadvantage, we attempt below to fully evaluate her claims of error.

**RESPONDENT'S RES JUDICATA DEFENSE**

**{8}** Respondent claims that her divorce decree awarded her the property in question and argues that res judicata bars this quiet title action. Respondent also argues that three other, mostly unexplained, lawsuits involving Petitioners invoke res judicata.

**{9}** "Res judicata precludes a claim when there has been a full and fair opportunity to litigate issues arising out of that claim." *Kirby v. Guardian Life Ins. Co. of Am.*, 2010-NMSC-014, ¶ 61, 148 N.M. 106, 231 P.3d 87 (italics, internal quotation marks, and citation omitted). "Res judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised." *Id.* (italics, internal quotation marks, and citation omitted). To successfully assert res judicata, a party must satisfy four requirements: "(1) [t]he parties must be the same, (2) the cause of action must be the same, (3) there must have been a final decision in the first suit, and (4) the first decision must have been on the merits." *Id.* (alteration in original) (internal quotation marks and citation omitted). The applicability of res judicata is a legal question that we review de novo. *Id.*

**{10}** Neither the divorce decree nor the other lawsuits bar the quiet title action because Respondent has not demonstrated that the parties in the prior proceeding were the same. This is the first requirement of a res judicata defense. Although Respondent may be correct that the divorce decree adjudicated rights to land at issue as between her and her former husband, Petitioners were not parties to the divorce proceeding and the rights of Petitioners were not adjudicated. Respondent does not assert that she was a party to the other lawsuits that she argues preclude this quiet title action. Respondent has not demonstrated that res judicata applies in this case.

**DENIAL OF MOTION TO DISQUALIFY EXPERT WITNESS**

**{11}** "We review the trial court's admission of expert testimony for an abuse of discretion." *State v. Torrez*, 2009-NMSC-029, ¶ 9, 146 N.M. 331, 210 P.3d 228. But the abuse of discretion standard does "not prevent an appellate court from conducting a meaningful analysis of the admission [of] scientific testimony to ensure that the trial judge's decision was in accordance with the Rules of Evidence and the evidence in the case." *Id.* (alteration in original) (internal quotation marks and citation omitted). In other words, we do not "rubber stamp" the trial court's decision. *Id.*

**{12}** "Under Rule 11-702 NMRA, a witness must qualify as an expert in the field for which his or her testimony is offered before such testimony is admissible." *Id.* ¶ 15 (internal quotation marks and citation omitted). A witness may qualify "based on his or her knowledge, skill, experience, training, or education, but no set criteria can be laid down to test such qualifications." *Id.* (internal quotation marks and citation omitted). The use of the disjunctive term "or" in the test for qualifying witnesses affords wide discretion to the trial court. *Id.*

**{13}** Respondent argues that Petitioners' expert land survey witness, Timothy Oden, should have been excluded. In her motion to disqualify, Respondent asserted that Oden was not qualified as an expert to testify about the land issues in this case

6

because Oden did not have a New Mexico surveyor's license, adverse actions were taken against him during the time he had such a license, his "area of expertise [was] focused on water rights," and he proposed to interpret land surveys performed by other surveyors.

{14}     Oden was not barred from testifying as an expert about the land dispute because he did not have an active New Mexico surveyor's license. A current license, issued by New Mexico or otherwise, is not dispositive. *See Baerwald v. Flores*, 1997-NMCA-002, ¶ 9, 122 N.M. 679, 930 P.2d 816. ("An expert witness . . . may be qualified on foundations other than licensure under NMRA 11-702.").

{15}     Respondent offered evidence of action taken by the New Mexico Board of Licensure for Professional Engineers and Surveyors against Oden but it is unclear how many actions were taken or what was at issue. Importantly, Respondent offers no authority indicating that the district court was required to exclude Oden from testifying as an expert if there were license violations. Although Oden's business currently focuses on "[r]unning [his] company, . . . land development matters[,] . . . water rights, acquisitions, transfers, and management[,]" we see little strength in Respondent's contention that Oden is not qualified to testify as a land expert because his area of expertise is limited to water rights.

7

**{16}** Respondent's argument that Oden should not be allowed to analyze surveys performed by others is also unpersuasive. Respondent's argument on this point is somewhat undeveloped, but we construe Respondent to be arguing that because Oden relied on hearsay evidence that would be inadmissible at trial to form his opinion, his opinion should be excluded. Respondent's cited authority is inapposite. An expert may base an opinion on hearsay. *See Coulter v. Stewart*, 1982-NMSC-035, ¶ 10, 97 N.M. 616, 642 P.2d 602; *see also Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1244 (10th Cir. 2000) ("[F]irsthand knowledge is not requisite to the admissibility of an expert opinion."). We are not persuaded that Oden was not allowed to analyze and offer an opinion based on land surveys made by others.

**{17}** Petitioners offered evidence that Oden possessed a mixture of knowledge, skill, experience, training, and education in land-related matters. Oden was a licensed surveyor in New Mexico for more than twenty years before allowing his New Mexico license to lapse. He performed and recorded more than 3100 land survey plats in Bernalillo, Torrance, and Santa Fe counties. He performed more than 100 survey plats within land grants in Torrance County, including sixty within the Town of Manzano Land Grant. Additionally, Oden has been recognized as an expert witness in the Second and Seventh Judicial Districts. Based on the evidence and arguments,

8

the district court did not abuse its discretion in allowing Petitioners' land expert, Oden, to offer an opinion in this case.

**RESPONDENT'S LACHES DEFENSE**

{18}     Laches is an equitable defense applicable when a claimant delays in asserting a right and, further, when the claimant's delay results in prejudice to the opposing party. *Garcia v. Garcia*, 1991-NMSC-023, ¶ 30, 111 N.M. 581, 808 P.2d 31. "[L]aches is not favored and is applied only in cases where a party is guilty of inexcusable neglect in enforcing his [or her] rights." *Cain v. Cain*, 1978-NMSC-014, ¶ 11, 91 N.M. 423, 575 P.2d 607. Because quiet title actions can be used to clear clouds on title that are years old, laches is to be used sparingly in such actions. *Burnham v. City of Farmington*, 1998-NMCA-056, ¶ 32, 125 N.M. 129, 957 P.2d 1163. We review the district court's denial of Respondent's laches defense for an abuse of discretion. *Id.*

{19}     "For laches to apply, one party must engage in conduct which so alerts the other party that its rights have been negatively affected." *Id.* ¶ 33. "With such knowledge or notice, the injured party must then delay in asserting its rights while the other party lacked knowledge or notice that the injured party would assert its rights, to the injury or prejudice of the other party." *Id.*

{20} Respondent contends that other lawsuits put Petitioners on notice that Respondent made "certain Land Grant Claims." Respondent also contends that Petitioners were put on notice because an individual "leased property from both Petitioner[s] . . . and [Respondent] for a period of 15 years." But Respondent does not explain how Petitioners were put on notice by the other lawsuits nor does Respondent explain what properties were leased or what activities were conducted on the properties. We cannot evaluate whether Petitioners engaged in delay that amounts to inexcusable neglect in enforcing their rights from Respondent's undeveloped argument. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). The district court did not abuse its discretion by denying Respondent's laches defense.

**SUBSTITUTION OF THE TRUSTEES AS PETITIONERS**

{21} Respondent argues that the district court committed error by allowing the trustees to substitute for the original petitioners as the real party in interest. Respondent's argument is unclear. We quote:

> In order to substitute the Trust as Petitioner the Court had to declare Mr. Louis Quintana civilly dead although he was still physically alive. . . . [Respondent] argues the case should have been dismissed and Guardian appointed by the Court to protect the interest of the disabled Louis Quintana because the Trust automatically became a Testamentary Trust. In addition he and his wife now stood as adversaries before the

10

law. Respondent argues further that in spite of the language in the Trust concerning the Law of Perpetuities there was a violation of the Law of Perpetuities, The Common Law Rule against Accumulations and the Law Against Alienation.

This argument defies our evaluation. However, we note that Rule 1-017(A) NMRA governs when, as here, an action is by reason of honest mistake not originally prosecuted in the name of the real party in interest. *See GCM, Inc. v. Kentucky Cent. Life Ins. Co.*, 1997-NMSC-052, ¶ 28, 124 N.M. 186, 947 P.2d 143 (stating that under Rule 1-017(A), a district court has "discretion to allow a reasonable time for ratification, joinder, or substitution of parties if an honest mistake resulted in the prosecution of an action by a party other than the real party in interest"). Rule 1-017(A) reflects the principle that cases should be decided on their merits. *GCM, Inc.,* 1997-NMSC-052, ¶ 32. This principle supports an interpretation of Rule 1-017(A) favoring the movant. *GCM, Inc.*, 1997-NMSC-052, ¶ 32. A court's decision whether to grant a substitution of parties under Rule 1-017(A) is reviewed under an abuse of discretion standard. *GCM, Inc.*, 1997-NMSC-052, ¶ 28.

**{22}** After a review of the arguments and the record before us, we conclude that the district court did not abuse its discretion by allowing Petitioners to substitute for the original parties.

**THE ORDER OF PROTECTION PREVENTING THE DEPOSITION OF LOUIS QUINTANA**

11

{23} Respondent contends that the district court committed error when it granted Petitioners' motion to quash the deposition of Louis Quintana. Respondent argues that Louis Quintana was an indispensable party to this action and, if he was unable to give testimony, the lawsuit should have been dismissed. We review a district court's decision whether to grant a protective order limiting discovery for an abuse of discretion. *See Kerman v. Swafford*, 1984-NMCA-030, ¶ 22, 101 N.M. 241, 680 P.2d 622.

{24} Petitioners' motion to quash Louis Quintana's deposition was based on Mr. Quintana's diagnosis of dementia caused by Alzheimer's disease, as established by the opinions of Mr. Quintana's primary care physician and a neurologist. Although Respondent contends that Mr. Quintana was an indispensable party to this action, Respondent does not develop an argument under Rule 1-019(B) NMRA, which governs dismissal of an action due to the absence of an indispensable party to a suit. *See Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 39, 132 N.M. 207, 46 P.3d 668 (stating that Rule 1-019 governs whether a party is indispensable to a lawsuit and setting out the three-part test to determine whether a party is necessary). Although Respondent contends that "Louis Quintana was the person most knowledgeable about the facts and circumstances of their lawsuit. He was at times the only [p]arty involved in some of the deed transactions[,]" she offers no citation to the record nor any

explication of why the action should therefore be dismissed. Petitioners offered evidence that Mr. Quintana was not competent to testify. Respondent did not offer an alternative medical evaluation of Mr. Quintana. The district court did not abuse its discretion by granting the motion to quash the deposition of Louis Quintana due to his incompetency.

**ILLEGIBLE DOCUMENTS**

{25} Respondent contends that certain of the documents offered by Petitioners as exhibits attached to Petitioners' summary judgment motions and the documents relied upon by Petitioners' expert Oden to prepare his report were illegible and inadmissible. It seems that Respondent is making two distinct contentions: that the district court impermissibly relied on documents that were inadmissible to order summary judgment in favor of Petitioners and that Oden impermissibly relied on inadmissible documents in the preparation of his reports. Although Respondent regularly refers in her briefs to problems with "the documents" she points to only two specific documents with problems. Respondent claims that the documents suffer from smudged clerk's stamps and unexplained long-hand writings, and that a large number are unreadable.

{26} As a qualified expert, Oden may rely on inadmissible documents. *See* Rule 11-703 NMRA (stating that "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be

13

admissible for the opinion to be admitted"). Respondent's argument that the documents relied on by Oden were inadmissible is therefore without force.

{27} The district court relied not just on documents that Respondent contends are unclear and inadmissible but also, among other evidence, on the abstract of title and the report or deposition of two experts. One of the two experts was that of Respondent. The experts concur that the Petitioners possess superior title to Respondent to the only lot for which there are competing claims. Finally, we note that many of the documents attached to Petitioners' motions for summary judgment were part of an abstract of title, which is admissible by statute. NMSA 1978 § 38-7-3 (1943). Having reviewed de novo Respondent's argument that summary judgment was inappropriate because the district court committed error by relying on illegible, inadmissible documents, we decline to reverse the judgment of the court. *See City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146 (stating that we review the appeal of a grant of summary judgment on a question of law de novo).

**OTHER ARGUMENTS**

14

**{28}** Sprinkled within Respondent's briefs are a number of other contentions and claims of error that are not sufficiently developed or comprehensible for our review.[1] *See Headley*, 2005-NMCA-045, ¶ 15 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

**CONCLUSION**

**{29}** We affirm the district court's three summary judgment orders.

**{30}** **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**M. MONICA ZAMORA, Judge**

---

[1] Respondent claims that the district court committed error relating to the affidavit of George Kaiser, co-tenancy as a defense, the adoption of all of Petitioners' requested findings and conclusions, the conduct of the Quintana family, and the "weighing the evidence of an enormous number of Instruments."